## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| Lovena Brown, n/k/a Turner, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-cv-91 |
| Financial Business and Consumer Solutions, Inc., d/b//a FBCS, Inc., a Pennsylvania corporation, Midland Credit Management, Inc., a Kansas corporation and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) | Class Action |
| Defendants. | ) ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Lovena Brown, n/k/a Turner, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3. Plaintiff, Lovena Brown n/k/a Turner ("Brown"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendants

attempted to collect a defaulted consumer debt, which was allegedly owed originally to T-Mobile.

4. Defendant, Financial Business and Consumer Solutions, Inc., d/b/a FBCS, Inc. ("FBCS"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant FBCS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant FBCS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Midland operates a nationwide debt collection business and attempts to collect debts

from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

8. Defendants FBCS, MCM and Midland are all authorized to conduct business in Tennessee, and maintain registered agents here, <u>see</u>, records from the Tennessee Secretary of State, attached Group Exhibit <u>A</u>. In fact, Defendants FBCS, MCM and Midland conduct business in Tennessee.

9. Defendants FBCS and MCM are both licensed as debt collection agencies in the State of Tennessee, <u>see</u>, records from the Tennessee Department of Commerce & Insurance Administration, attached Group Exhibit <u>B</u>. In fact, all Defendants, FBCS, MCM and Midland act as a collection agencies in Tennessee.

**FACTUAL ALLEGATIONS**

10. More than 6 years ago, Ms. Brown allegedly fell behind on paying her T-Mobile debt. Sometime after that debt went into default, Defendant FBCS sent Ms. Brown an initial form collection letter, dated March 13, 2017. This collection letter stated:

\* \* \*

> Our client, MIDLAND CREDIT MANAGEMENT, INC., has authorized us to accept a 70% discount off your $1,120.84 outstanding balance to settle the account in full. The complete details of your account are:

4

| | |
|---|---|
| Owner < | MIDLAND FUNDING LLC |
| Current Creditor < | MIDLAND CREDIT MANAGEMENT, INC. |
| Original Creditor < | T-MOBILE |

* * *

A copy of Defendants' letter is attached as Exhibit <u>C</u>.

    11.    Defendants' letter failed to explain what, if any, the difference was between the "Owner", "Current Creditor", and "Original Creditor". Moreover, Plaintiff is informed through counsel that Defendant Midland likely bought the debt at issue after default and that Defendant FBCS was representing only Midland; Defendant MCM is not, nor ever was, the "creditor" of this debt. Thus, Defendants letter failed to state effectively the name of the creditor to whom the debt is owed.

    12.    A simple statement that FBCS represented Midland and that Midland was the creditor to whom the debt was owed, or that FBCS represented Midland who had purchased the debt, would have sufficed to effectively identify the name of creditor to whom the debt was then owed.

    13.    Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, <u>see</u>, <u>Lox v. CDA</u>, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, <u>see</u>, <u>Janetos v. Fulton, Friedman & Gullace</u>, 825 F.3rd 317, 324-325 (7th Cir. 2016).

    14.    Moreover, Defendants letter further stated:

* * *

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, our client will not sue you for it or report payment or non-payment of it to a credit bureau.

* * *

By identifying MCM as its client, and stating that "our client will not" sue or credit report, rather than that MCM "cannot" sue or credit report, the letter implied that MCM still had the option to take those actions, and that it was simply choosing not to do so , <u>see</u>, Exhibit <u>C</u>. Additionally, the letter failed to state that neither FBCS nor Midland could sue or credit report the debt.

15. In fact, none of the Defendants could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely Tennessee Code Annotated, §28-3-109(a)(3) (six years after the cause of action accrued).

16. In fact, none of the Defendants could file a credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last payment/statement.

17. The failure of Defendants to disclose effectively that none of them could sue is material. In Tennessee collection agencies like FBCS and MCM can, and do, file collection lawsuits for their clients, and nationwide they also make credit reports for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants that the debt needed to be paid.

18. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

19. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Current Creditor

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, Defendants had to provide Ms. Brown with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

22. By stating that Midland was the current owner of the debt, but the MCM was the "current creditor", Defendants' form collection letter failed to identify effectively the current creditor to whom the debt was owed, in violation of § 1692g(a)(2) of the FDCPA, see, Janetos, 825 F.3rd at 324-325; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

23. Defendants' violation of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive, Or Misleading Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

26. Making a false statement of the name of the current creditor is a materially misleading statement, which violates of § 1692e of the FDCPA, see, Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1122 (9th Cir. 2014). By stating that MCM was the "current creditor" when, in fact, it was not, Defendants' letter violated § 1692e of the FDCPA.

27. Moreover, attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Tatis v. Allied Interstate, 2018 U.S.App. LEXIS 3238 (3rd Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert denied, 138 S.Ct 736 (U.S. 2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014). Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; and, b) they did not

state that FBCS and Midland had chosen not to sue. Thus, Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

28. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox, 689 F.3d at 826.

29. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

30. Plaintiff adopts and realleges ¶¶ 1-19.

31. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

32. Defendants, by falsely stating that Midland Credit Management, Inc. was the original creditor when, in fact, it was not, violated § 1692f of the FDCPA.

33. Moreover, although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that all of the Defendants could not sue on the debt; and, b) they did not state that FBCS and Midland had chosen not to sue. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

34. Defendants' violation of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

35. Plaintiff, Lovena Brown, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Tennessee from whom Defendants attempted to collect a defaulted, time-barred consumer debt, allegedly owed for a T-Mobile account (i.e., where the date of last payment/statement is more than six years from the date of the letter), via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

36. Defendants regularly engage in debt collection, using the same form collection letter they sent Ms. Brown, in their attempts to collect defaulted consumer debts from other consumers.

37. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Brown.

38. Ms. Brown's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

40. Ms. Brown will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Brown has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lovena Brown, n/k/a Turner, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Brown as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Brown and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lovena Brown, n/k/a Turner, individually and on behalf of all others similarly situated, demands trial by jury.

                                        Lovena Brown, n/k/a Turner, individually and on behalf of all others similarly situated,

                                        By: /s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated: March 8, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson  (TN Bar No. 018397)
Heather Banks     (TN Bar No. 023493)
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com